UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA


FILED by _____ D.C.
MAR 20 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Case No. _____ - Civ

**JURY TRIAL DEMANDED**

Jeffrey Peter Datto, Ph.D.
         Plaintiff

vs.

Association of American Medical Colleges,
Drexel University, Temple University,
Ohio State University, Loma Linda University,
Florida Atlantic University, University of Florida,
Florida State University, University of South Florida,
University of Central Florida, Florida International
University, John Does 1-50
         Defendants
_____/

# COMPLAINT

I, Jeffrey P. Datto, Ph.D., plaintiff, in the above styled cause, sue defendant(s): Association of American Medical Colleges and Drexel University, Temple University, Ohio State University, Loma Linda University, Florida Atlantic University, University of Florida, Florida State University, University of South Florida, University of Central Florida, Florida International University, (collectively "University defendants") and John Does 1-50.

This action is filed under Title II, Title III, and Title IV of the American with Disabilities Act, 42 U.S.C. 1201 et seq., ("ADA"), the Rehabilitation Act of 1973 § 504, 29 U.S.C.A. § 794 ("Rehab Act"), the Rehab Act anti retaliation regulation, 34 C.F.R. § 100.7(e), and Florida Civil Rights Act, FL Stat § 760 et seq. ("FCRA"). In support of this complaint, plaintiff avers as follows:

## Parties

1. Plaintiff, Jeffrey P. Datto, Ph.D., ("plaintiff" or "Datto") is a competent adult over 18 who resides in Miami-Dade County.

2. Defendant, Association of American Medical Colleges ("AAMC"), is an organization whose principal location is 655 K St NW Ste 100, Washington, DC 20001.

3. Drexel University's ("Drexel") College of Medicine is a private medical school that is a member of the AAMC and is located at 2900 W. Queen Lane, Philadelphia, PA 19129.

4. Temple University 's ("Temple") Lewis Katz School of Medicine is a private medical school that receives some public funding that is a member of the AAMC and is located at 3500 N. Broad St., Philadelphia, PA 19140.

5. Ohio State University's ("OSU") College of Medicine is a public medical school that is a member of the AAMC and is located at 9th Ave. Columbus, OH 43210.

6. Loma Linda University's ("LLU") School of Medicine is a private medical school that is a member of the AAMC and is located at 11175 Campus St., Loma Linda, CA. 92350.

7. Florida Atlantic University's ("FAU") Charles E. Schmidt College of Medicine is a public medical school that is a member of the AAMC and is located at 777 Glades Road Boca Raton, FL 33431.

8. University of Florida's ("UF") College of Medicine is a public medical school that is a member of the AAMC and is located at 1600 SW Archer Rd # M509, Gainesville, FL 32610.

9. Florida State University's ("FSU") College of Medicine is a public medical school that is a member of the AAMC and is located at 1115 West Call Street Tallahassee, FL 32306-4300.

10. University of South Florida's ("USF") Morsani College of Medicine is a public medical school that is a member of the AAMC and is located at 12901 Bruce B Downs Blvd, Tampa, FL 33612.

11. University of Central Florida's ("UCF") College of Medicine is a public medical school that is a member of the AAMC and is located at 6850 Lake Nona Blvd, Orlando, FL 32827.

12. Florida International University's ("FIU") Herbert Wertheim College of Medicine is a public medical school that is a member of the AAMC and is located at 11200 SW 8th St # Ahc2, Miami, FL 33199.

13. Defendants John Does 1 through 50 are currently unidentified defendants who are members of the admissions committee of the University defendants or are members of the AAMC.

## Jurisdiction and Venue

14. Plaintiff hereby incorporates paragraphs 1-13 as if same were set forth herein at length.

15. Plaintiff brings this complaint, in part, under 2 federal laws: the ADA and the Rehab Act.

16. Plaintiff, a resident of Miami-Dade County, Florida, paid an online application fee while living in Miami-Dade County to the AAMC and each University defendant to be fairly evaluated and considered for admission to their medical school programs.

17. Each University defendant and the AAMC consistently and yearly collect application fees from numerous Florida residents who apply to their programs.

## FACTS

18. Plaintiff hereby incorporates paragraphs 1-17 as if same were set forth herein at length.

19. Plaintiff was a former MD PhD student at Thomas Jefferson University in Philadelphia, PA.

20. Thomas Jefferson University is a member of the AAMC and sister medical school of the University defendants.

21. Previously, plaintiff filed an ADA and Rehab Act complaint in federal Court against Thomas Jefferson University, in part, claiming discrimination for being perceived as having the disability Bipolar Disorder by the University.

22. Thomas Jefferson University has claimed through their experts because of the seriousness of this disability and plaintiff's lack of insight into having this disability, that the plaintiff would not be able to be successful as a medical student and future clinician.

23. Defendants were influenced by the actions of Thomas Jefferson University and also perceive plaintiff to have the disability bipolar disorder or some other serious mental illness that prevented his completion of medical school at Thomas Jefferson University.

24. Plaintiff applied to each University defendant medical school through the AAMC's centralized application service and paid the required fee.

25. Each University defendant then sent plaintiff their own personal secondary application, which required a second and separate fee.

26. Plaintiff filled out each schools secondary application, paid the second required fee to each defendant, and submitted to each school their respective application.

27. Following successful completion of this required application process, the University defendants did not accept him and most did not even offer an interview to the plaintiff for admission.

28. Plaintiff is otherwise qualified for admission to each defendant medical school.

29. The University defendants' actions, to not accept plaintiff or even offer him an interview, are also in retaliation to the fact the plaintiff sued their sister AAMC medical school Thomas Jefferson University and they do not want him their because of this.

## COUNT I- BREACH OF CONTRACT

### Datto v. All Defendants

30. Plaintiff hereby incorporates paragraphs 1-29 as if same were set forth herein at length.

31. The University defendants offered to the plaintiff the potential ability to be fairly and non-discriminatively evaluated for acceptance into their medical school in exchange for filling out their application and paying the application fee.

32. The plaintiff accepted that offer and in consideration filled out the requested application and paid the requested fee.

33. This established a contract between plaintiff and each individual defendant.

34. This contract was breached when the defendants discriminated against the plaintiff and did not accept, nor even interview the plaintiff.

**WHEREFORE**, plaintiff, Jeffrey Peter Datto, Ph.D., requests judgment in his favor and against all defendants in an amount in excess of $75,000, punitive damages, reasonable attorney fees, litigation expenses and costs, and any other relief, including injunctive relief, that this Court deems appropriate.

## COUNT II – AMERICAN WITH DISABILITIES ACT- TITLE II

### Datto v. OSU, FAU, FIU, FSU, UF, UCF, and Temple

35. Paragraphs 1 through 34 are incorporated by reference as if the same were set forth herein at length.

36. Plaintiff brings forth this claim pursuant Title II of the American with Disabilities Act, 42 U.S.C. 1201 et seq., ("ADA").

37. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A § 12132.

38. Defendants perceived plaintiff as having the disability, Bipolar Disorder, or some other serious mental illness.

39. Defendants are holding against plaintiff the past effects of medications to treat Bipolar Disorder, which caused him to have a disability, in their decision to not admit him as a medical student.

40. Plaintiff's refusal to be treated for Bipolar Disorder, which he was diagnosed to be by the school psychiatrist at Thomas Jefferson University, concerns them and has caused them to exclude plaintiff from participation in their school as a medical student.

41. Title II of the ADA, 42 U.S.C. §§ 12131-12165, legislates against various forms of discrimination against a public entity. A "public entity", in turn, is defined, in relevant part, as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C.A § 12131(1)(B).

42. Being the medical schools of the state of Ohio and Florida, respectively, OSU, FAU, FIU, FSU, UF, UCF, and USF are instrumentalities of the State and thus are public entities.

43. Temple being a private medical school that receives funding from the state of Pennsylvania and offers in-state tuition to Pennsylvania residents is an instrumentality of the State of Pennsylvania and thus a public entity.

44. Due to the aforementioned facts, OSU, FAU, FIU, FSU, UF, UCF, USF, and Temple are covered entities under Title II of the ADA and have violated plaintiff's rights under Title II of the ADA by discriminating against him based upon a disability.

45. This violation of Title II of the ADA has resulted in a significant delay in plaintiff's career as a physician scientist, loss of reputation, and emotional distress.

**WHEREFORE**, plaintiff, Jeffrey Peter Datto, Ph.D., requests judgment in his favor and against all defendants in an amount in excess of $75,000, punitive damages, reasonable attorney fees, litigation expenses and costs, injunctive relief requiring each medical school to set reasonable conditions, which if met, would result in plaintiff's ability to enroll into their medical schools, and also plaintiff requests any other relief, including additional injunctive relief, that this Court deems appropriate.

### Count III – AMERICAN WITH DISABILITIES ACT – TITLE III

#### Datto v. Drexel, Temple, FAU, OSU, and LLU

46. Paragraphs 1 through 45 are incorporated by reference as if the same were set forth herein at length.

47. Plaintiff brings forth this claim pursuant Title III of the ADA.

48. Under Title III of ADA, "No individual shall be discriminated against on the basis of disability in the full equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42. U.S.C. § 12182(a).

49. Drexel, Temple, FAU, OSU, and LLU are places of public accommodation.

50. Due to the aforementioned facts, Drexel, Temple, FAU, OSU, and LLU are covered entities under Title III of the ADA and have violated plaintiff's rights under Title III of the ADA by denying admission to their medical schools due to a disability/ perceived disability.

51. This violation has impeded plaintiff in his ability to finish his medical education.

**WHEREFORE,** plaintiff, Jeffrey Peter Datto, Ph.D., requests judgment in his favor and against Drexel, Temple, FAU, OSU, and LLU and injunctive relief requiring each medical school to set reasonable conditions, which if met, would result in plaintiff's ability to enroll into their medical schools, and also plaintiff requests any other injunctive relief this Court deems appropriate.

## COUNT IV – SECTION 504 REHABILITATION ACT

### Datto v. All Defendants

52. Paragraphs 1 through 51 are incorporated by reference as if the same were set forth herein at length.

53. Plaintiff brings forth this action pursuant to the Rehabilitation Act of 1973 § 504, 29 U.S.C.A. § 794 ("Rehab Act").

54. The Rehab Act prevents discrimination against a disability by any program receiving Federal financial assistance "solely" due to a disability.

55. Each University defendant receives federal financial assistance through student loans, National Institutes of Health, and Department of Defense.

56. Each University defendant if they are not retaliating against him for suing Thomas Jefferson University in the past then they are solely discriminating against him due to the perceived disability Bipolar Disorder or the actual disability the medications to treat Bipolar Disorder caused.

57. Due to the aforementioned facts, the University defendants are covered entities under the Rehab Act and have violated plaintiff's rights under the Rehab Act by discriminating against him based upon a disability.

58. This violation of the Rehab Act has resulted in a significant delay in plaintiff's career as a physician scientist, loss of reputation, and emotional distress.

**WHEREFORE**, plaintiff, Jeffrey Peter Datto, Ph.D., requests judgment in his favor and against each University defendant in an amount in excess of $75,000, punitive damages, reasonable attorney fees, litigation expenses and costs, and any other relief, including injunctive relief, that this Court deems appropriate.

## COUNT V –REHABILITATION ACT ANTI-RETALIATION

### Datto v. All Defendants

59. Paragraphs 1 through 58 are incorporated by reference as if the same were set forth herein at length.

60. Plaintiff brings forth this action pursuant to the Rehabilitation Act anti retaliation regulation, 34 C.F.R. § 100.7(e).

61. The Rehabilitation Act's anti-retaliation regulation provides that "[n]o recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purposes of interfering with any right or privilege secured by [the Act], or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing ..." 34 C.F.R. § 100.7(e).

62. Plaintiff filed a Rehabilitation Act complaint against Thomas Jefferson University in the past.

63. He received a sizable monetary settlement for his claims.

64. Plaintiff has been told the reason he has been denied admission at some of the medical schools he applied to is because he sued Thomas Jefferson University.

65. This violation of the anti-retaliation regulation of the Rehab Act by All University defendants because they all have held against plaintiff his past Rehab Act complaint against Thomas Jefferson University has resulted in a significant delay in plaintiff's career as a physician scientist, loss of reputation, and emotional distress.

66. Further discovery is required to figure out exactly which persons (John Does 1-50) at the Universities have been responsible of said violations of the anti-retaliation regulation of the Rehab Act.

**WHEREFORE**, plaintiff, Jeffrey Peter Datto, Ph.D., requests judgment in his favor and against all defendants in an amount in excess of $75,000, punitive damages, reasonable attorney fees, litigation expenses and costs, injunctive relief to end their discriminatory

practices, and any other relief, including additional injunctive relief, that this Court deems appropriate.

### COUNT VI – AMERICAN WITH DISABILITIES ACT – TITLE IV

### Datto v. All Defendants

67. Paragraphs 1 through 66 are incorporated by reference as if the same were set forth herein at length.

68. Plaintiff brings forth this claim pursuant Title IV of the ADA.

69. Title IV of the ADA states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

70. Plaintiff opposed discrimination made unlawful against him by this chapter by filing a claim in federal court under the ADA against Thomas Jefferson University's school of medicine.

71. Thomas Jefferson University is a sister AAMC medical school of the University defendants.

72. The University defendants are refusing admission to their medical school mainly in part because he sued Thomas Jefferson University.

73. John Does 1 through 50 are unidentified persons responsible in deciding and enforcing the discriminatory / retaliatory acts against plaintiff.

**WHEREFORE**, plaintiff, Jeffrey Peter Datto, Ph.D., requests judgment in his favor and against all defendants in an amount in excess of $75,000, punitive damages, reasonable

attorney fees, litigation expenses and costs, and any other relief, including injunctive relief, that this Court deems appropriate.

## COUNT VII – FLORIDA CIVIL RIGHTS ACT

### Datto v. FIU, FSU, UF, UCF, and USF

74. Paragraphs 1 through 73 are incorporated by reference as if the same were set forth herein at length.

75. Plaintiff brings forth this claim pursuant FCRA, FL Stat § 760 et seq.

76. The FL Stat § 760.07 states  "Any violation of any Florida statute making unlawful discrimination because of race, color, religion, gender, pregnancy, national origin, age, handicap, or marital status in the areas of education, employment, housing, or public accommodations gives rise to a cause of action for all relief and damages described"

77. FIU, FSU, UF, UCF, and USF are areas of education covered by the Act.

78. FIU, FSU, UF, UCF, and USF violated this Act by discriminating against plaintiff for the perceived disability Bipolar Disorder, holding against him the effects  medications prescribed to him to treat this disorder that caused plaintiff an actual documented disability, or for retaliating against plaintiff for filing a past disability discrimination lawsuit against Thomas Jefferson University.

79. FIU, FSU, UF, UCF, and USF also violated this act by also holding against plaintiff, at least in part, his age at time of application (41 y/o) and they did not feel he would fit in with the much younger student body at those Universities, which his age in itself would always bring attention to plaintiff, and be a perceived distraction and unwanted addition.

**WHEREFORE**, plaintiff, Jeffrey Peter Datto, Ph.D., requests judgment in his favor and against FIU, FSU, UF, UCF, and USF in an amount in excess of $75,000, punitive damages, reasonable attorney fees, litigation expenses and costs, and any other relief, including injunctive relief, that this Court deems appropriate.

Respectfully Submitted,

*/s/ Jeffrey P. Datto*                                              Date: 3/20/18

Jeffrey P. Datto, Ph.D.

3352 w 98th pl, Hialeah, FL 33018

(215) 915-4416

JPDatto@gmail.com