**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 18-cv-21053-GAYLES/LOUIS**

**JEFFREY PETER DATTO, Ph.D,**

        Plaintiff,

**v.**

**UNIVERSITY OF MIAMI, et al.,**

        Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (the "Motion to Dismiss") [ECF No. 211] and Plaintiff's Motion for Relief from Local Rule 15.1 and to Be Allowed Leave to Amend Second Amended Complaint (the "Motion to Amend") [ECF No. 251]. The action was referred to Magistrate Judge Lauren Fleischer Louis, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF Nos. 139, 140, 141]. On July 23, 2020, Judge Louis issued her report recommending that the Motion to Dismiss be granted in part and the Motion to Amend be denied (the "Report") [ECF No. 266]. Plaintiff filed timely objections to the Report [ECF No. 274], and Defendants filed a response to Plaintiff's objections [ECF No. 282]. For the reasons that follow, the Court adopts the Report in part.

## BACKGROUND[1]

Plaintiff has filed a Second Amended Complaint alleging twenty-two counts against Defendants University of Miami (the "University"), Dr. Damian Pearse ("Dr. Pearse"), and John Does 1 though 5 [ECF No. 204]. As set forth in the Report, Plaintiff's claims fall into five categories: (1) education claims, in which Plaintiff alleges that the University rejected his application to the University's medical school either because Plaintiff is disabled or in retaliation for his suit against Thomas Jefferson University ("TJU"); (2) employment claims, in which Plaintiff alleges that the University terminated his employment as a research associate either because Plaintiff was disabled or in retaliation for filing this lawsuit against the University and failed to reasonably accommodate him by not supporting his grant applications; (3) contract claims, in which Plaintiff alleges that he entered into three separate contracts with the University regarding admission to the medical school, one of his grant applications, and his employment; (4) a defamation claim; and (5) a claim under the Fair Labor Standards Act ("FLSA"). *Id.* After the University and Dr. Pearse filed their Motion to Dismiss, Plaintiff sought leave to file a Third Amended Complaint.

## DISCUSSION

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

---

[1] The Court incorporates the Report's recitation of the factual and procedural background.

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In her Report, Judge Louis found that: (1) Plaintiff's claims against Dr. Pearse under the Americans with Disabilities Act ("ADA"), the Florida Civil Rights Act ("FCRA"), and Section 504 of the Rehabilitation Act of 1973 (the "Rehab Act") (Counts VII-XVIII) should be dismissed with prejudice as Dr. Pearse cannot be held individually liable for the alleged misconduct; (2) Plaintiff's claims for discrimination and failure to accommodate under the ADA and Rehab Act (Counts I and II) should be dismissed with prejudice[2] as Plaintiff has not alleged a causal link between his disability and the alleged discriminatory conduct or that the University failed to provide him with reasonable accommodations that if granted would have enabled him to satisfy the University's admission requirements; (3) Plaintiff's claims against the University for retaliation under the ADA and Rehab Act relating to admittance to medical school (Counts III and IV) should be dismissed with prejudice because the lawsuit against TJU is not a protected activity and, even if it were, Plaintiff fails to allege a causal link between the protected activity and the adverse action; (4) Plaintiff's disparate treatment claims under the ADA, FCRA, and Rehab Act relating to this employment (Counts VIII, XI, and XIV) should be dismissed without prejudice as Plaintiff has failed to adequately allege a comparator who was treated more favorably than him or that his termination was due to his disability; (5) Plaintiff's claims for failure to accommodate within the employment context under the ADA, FCRA, and Rehab Act (Counts VII, X, and XIII) should be dismissed without prejudice because the accommodations sought by Plaintiff were not applicable to his essential job duties; (6) Plaintiff's claims for retaliation under the ADA, FCRA, and Rehab Act relating to the University's failure to support his grant applications (Counts IX,

---

[2] The Report recommended dismissing Counts I and II with prejudice as the Second Amended Complaint was Plaintiff's second attempt at pleading those claims. [ECF No. 266].

XII, and XV) should be dismissed with respect to the Craig H. Neilson Foundation Grant, but otherwise allowed to proceed with respect to the other grants; (7) Plaintiff's claims for retaliation under the ADA, FCRA, and Rehab act relating to his termination (Counts XVI, XVII, and XVIII) should be allowed to proceed; (8) Plaintiff's claim under the FCRA (Count VI) should be dismissed with prejudice[3] for failure to exhaust administrative remedies; (9) Plaintiff's claims for breach of contract (Counts V, XIX, and XX) should be dismissed with prejudice as Plaintiff fails to plead the elements of a contract; (10) Plaintiff's claim for defamation (Count XXI) should be dismissed with prejudice as the alleged statements are either conditionally privileged or not actionable; and (11) Plaintiff's claim under the Fair Labor Standards Act ("FLSA") (Count XXII) should be dismissed without prejudice for failure to adequately allege individual or enterprise coverage. [ECF No. 266].  The Report also recommended denial of Plaintiff's Motion to Amend, as Plaintiff failed to detail his proposed amendments, but noted that Plaintiff should be granted leave to amend any claim that the Court dismisses without prejudice.

      The Court has conducted a *de novo* review of the record and the law and agrees with the majority of the Report's recommendations. The Court, however, declines to adopt the Report's recommendation as to Plaintiff's claims for retaliation under the ADA and Rehab Act relating to education (Counts III and IV).

      To establish a prima facie case of retaliation under both the ADA and the Rehab Act, Plaintiff must allege that (1) he engaged in statutorily protected conduct; (2) he suffered a materially adverse action; and (3) there was a causal link between the adverse action and his protected conduct. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001). It is

---

[3] The Report recommends dismissal of this claim with prejudice as Plaintiff indicated in his Motion to Amend that he wished to withdraw his education claims under the FCRA.

undisputed that Plaintiff has adequately alleged that he suffered a materially adverse action. Therefore, the Court addresses the first and third elements.

First, Plaintiff alleges that he was engaged in statutorily protected conduct, namely his lawsuit against TJU. Defendants aruge that because Plaintiff's lawsuit was against a different entity over nine years ago, it does not constitute protected conduct related to the retaliation in this case. In support, Defendants cite *McShane v. Ashcroft*, where the court held, on a motion for summary judgment, that the plaintiff's prior discrimination suits against a different party were "too remote in time and unrelated to her employment to constitute protected activities related to the retaliation in [that] case." No. 03-20470-CIV, 2004 WL 5561681, at *8 (S.D. Fla. Aug. 31, 2004), *aff'd sub nom. McShane v. U.S. Attorney Gen.*, 144 F. App'x 779 (11th Cir. 2005). The Court finds Defendants' reliance on *McShane* is misplaced as *McShane* was decided after the benefit of discovery. At this stage of the litigation, the Court finds that Plaintiff has adequately alleged that he engaged in statutorily protected conduct.

The Court also finds that Plaintiff has alleged a causal link between the University's denial of his applications to the medical school and his lawsuit against TJU. "To establish a causal connection, a plaintiff must show that 'the decision-maker[s] [were] aware of the protected conduct,' and 'that the protected activity and the adverse action were not wholly unrelated.'" *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (alteration in original) (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999)), *abrogated on other grounds as recognized by Crawford v. Carroll*, 529 F.3d 961, 973–74 (11th Cir. 2008). "Where a decision-maker becomes aware of protected conduct, a close temporal proximity between the decision-maker's acquisition of that knowledge and an adverse employment action will generally be enough to create a factual issue on the causation element." *Singleton v. Pub. Health Tr. of Miami-Dade*

5

*Cty*, 725 F. App'x. 736, 738 (11th Cir. 2018). Where "there is no other evidence tending to show causation, the temporal proximity must be very close." *Id.* (internal quotations omitted).

Defendants argue that the gap in time between Plaintiff's lawsuit against TJU and the University's denial of his application is too long for there to be a causal link. However, to compute the length of time that has elapsed, the Court starts with when University first became aware of the protected conduct—not when Plaintiff filed the lawsuit against TJU. Moreover, at this stage of the litigation, "it would be premature for the Court to dismiss Plaintiff's retaliation claim on this ground without the Parties having the benefit of discovery, as lack of temporal proximity only defeats a retaliation claim 'in the absence of other evidence tending to show causation.'" *Matamoros v. Broward Sheriff's Office*, 0:18-CV-62813-KMM, 2019 WL 4731931, at *4 (S.D. Fla. June 8, 2019) (quoting *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004)). *See also Datto v. Florida Int'l Univ. Board of Trustees,* No. 1:20-cv-20360-Bloom, 2020 WL 3963713, at *10, (S.D. Fla. July 13, 2020) (finding Plaintiff's "allegations … sufficient to establish that there is a causal link with sufficient temporal proximity between Plaintiff's disclosure of the TJU lawsuit and alleged retaliation."). Accordingly, Counts III and IV may proceed.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Louis's Report and Recommendation, [ECF No. 266], is **ADOPTED in part**;

(2) Defendant's Motion to Dismiss, [ECF No. 204], is **GRANTED in part** and **DENIED in part**.

(3) All counts against Dr. Pearse in his individual capacity (Counts VII-XVIII) are **DISMISSED with prejudice**.

(4)   Counts I, II, V, VI, XIX, XX, and XXI are **DISMISSED with prejudice**.

(5)   Counts VII, VIII, X, XI, XII, XIII, XIV, and XXII against the University are **DISMISSED without prejudice**.

(6)   Counts III, IV, IX, XII, XV, XVI, XVII, and XVIII may proceed as pled.

(7)   Plaintiff's Motion for Leave to Amend [ECF No. 251] is **DENIED without prejudice**.

(8)   Plaintiff shall file a renewed motion requesting leave to amend his complaint, attaching his proposed Third Amended Complaint consistent with the rulings in this Order, on or before November 20, 2020.

(9)   This cause is set for a telephonic status conference on **November 18, 2020, at 11:00 a.m.**  Counsel shall enter their appearances using the following dial-in information: **Dial-in Number 888-273-3658; Access Code 7032614; Security Code 5170**. Please dial in at least ten minutes before the Status Conference begins and wait until your case is called.  The Court will also hold a status conference in *Datto v. Wilkie*, Case No. 20-cv-23816, at the same time.  The purpose of the status conference will be to determine whether the two actions should be consolidated.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of November, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE